## Case No. 1,361.

### BERTONNEAU v. BOARD OF DIRECTORS OF CITY SCHOOLS et al.

[3 Woods, 177.] [1]

Circuit Court, D. Louisiana. Nov. Term, 1878.

CONSTITUTIONAL LAW — PRIVILEGES AND IMMUNITIES OF CITIZENS OF THE UNITED STATES—SEPARATION OF WHITE AND COLORED CHILDREN IN SCHOOLS—FEDERAL COURTS —JURISDICTION—VIOLATION OF STATE LAWS BY STATE OFFICERS.

1. Where the officers of a city or state provide public schools of equal excellence for all children between certain ages, but do not allow children of colored parents to attend the same schools with children of white parents: *Held,* that the rights of the former under the constitution and laws of the United States were not thereby impaired.

[Cited in Claybrook v. City of Owensboro, 16 Fed. 302.]

2. The federal courts have no jurisdiction, irrespective of the citizenship of the parties, of suits respecting violations of a state law or constitution by the officers of a state, which do not impair rights granted or secured by the constitution or laws of the United States.

[Cited in Claybrook v. City of Owensboro, 16 Fed. 305.]

In equity. The bill was filed [by Arnold Bertonneau] against the board of directors of city schools of the city of New Orleans, a corporation created by the state of Louisiana, Wm. O. Rogers, chief superintendent of the public schools of New Orleans, and George H. Gordon, principal teacher of the school known as the Fillmore school, in the third district of the city of New Orleans. [Heard on demurrer to bill. Demurrer sustained.]

The complainant and all the defendants were alleged to be citizens of the state of Louisiana. The bill averred in substance that the complainant was a person of African descent, the father of two legitimate male children, aged respectively nine and seven years; that he resided with his children at No. 367

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

North Rampart street, in the city of New Orleans, and was a property holder and tax payer in said city; that the nearest public school to complainant's place of residence was on Bagatelle street, in the third district, distant about three blocks; that about November 13, 1877, complainant applied to defendant Gordon, the principal teacher of said school, to admit the complainant's said children as pupils therein, which he declined to do on the ground that they were of African descent, and alleging that his instructions from defendant William O. Rogers, chief superintendent of public schools, forbade him to receive children of African descent into said schools; that on July 3, 1877, the defendants, "the board of directors of city schools," adopted and published a preamble and resolution in the following words: "Whereas, this board, in the performance of its paramount duty, which is to give the best education possible within the means at its disposal, to the whole population, without regard to race, color or previous condition, is assured that this end can be best attained by educating the different races in separate schools; therefore, Resolved, that the committee on teachers, aided and assisted by the superintendent, be authorized and instructed to take such steps during vacation as may be necessary to carry this object into effect." The bill claimed that this preamble and resolution were in violation of the second clause of section 1 of article 14 of the amendments to the constitution of the United States, which declares: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, * * nor deny to any person within its jurisdiction the equal protection of the laws," and of that provision of the statutes of the United States which declares that "any person who, under color of any statute, ordinance, regulation, custom, or usage of any state or territory, subjects to, or causes to be subjected, any citizen of the United States, or other person within the jurisdiction thereof, to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceedings for redress:" Rev. St. § 1979. The bill further charged that the said preamble and resolution were in violation of article 135 of the constitution of the state. of Louisiana, which declares, " The general assembly shall establish at least one free public school in each parish throughout the state, and shall provide for its support by taxation or otherwise. All the children of this state between the ages of six and twenty-one shall be admitted to the public schools or other institutions of learning sustained or established by the state in common, without distinction of race, color or previous condition. There shall be no separate schools or institutions of learning established exclusively for any race by the state of Louisiana."

The bill further charged that said action of the board of directors of the city schools, and of the other defendants, subjected the complainant to the deprivation of his right as a citizen of the United States and of the state of Louisiana, of having his children schooled and educated in and at said public school, which was established and sustained by the state of Louisiana, and in which schoolable children of white parents were admitted and educated, and degraded him and his family by the denial of their equality in the public schools with children of other citizens of the state. The prayer of the bill was for a decree declaring the preamble and resolution above recited, and the actings and doings of said defendants above set forth, to be in violation of the constitution and laws of the United States, and that said defendants be enjoined and prohibited from enforcing said preamble and resolution, or any other ordinance to the same effect, and that defendants be required to admit the said children of complainant to said public school, or any other public school sustained or established by and under the constitution and laws of the state of Louisiana, as pupils, to be educated therein just as the children of white parents are admitted and educated therein. To this bill the defendants filed a demurrer, on the ground that it contained no matter of equity whereof the court could take jurisdiction under the constitution and laws of the United States, or whereon the court could ground any decree or give complainant any relief against the defendants.

John Ray, for complainant.

Edgar Farrar, Asst. City Atty., for defendants.

WOODS, Circuit Judge. There is no complaint in the bill that complainant's children are excluded from the public schools of the state on account of their race and color or for any other reason. Nor is there any averment that the public schools which are open to complainant's children are in any respect whatever inferior to the schools where the children of the white race are educated. The grievance, and the sole grievance, set out in the bill is that complainant's children, being of African descent, are not allowed to attend the same public schools as those in which children of white parents are educated. Is this a deprivation of a right granted by the constitution of the United States? The complainant says that the action of the defendants deprives him and his children of the equal protection of the laws, and therefore impairs a right granted to him and them by the fourteenth amendment to the constitution of the United States, and the act of congress passed to secure the same. Is there any denial of equal rights in the resolution of the board of directors of the city schools, or in the action of the subordinate officers of the

schools, as set out in the bill? Both races are treated precisely alike. White children and colored children are compelled to attend different schools. That is all. The state, while conceding equal privileges and advantages to both races, has the right to manage its schools in the manner which, in its judgment, will best promote the interest of all.

The state may be of opinion that it is better to educate the sexes separately, and therefore establishes schools in which the children of different sexes are educated apart. By such a policy can it be said that the equal rights of either sex are invaded? Equality of right does not involve the necessity of educating children of both sexes, or children without regard to their attainments or age in the same school. Any classification which preserves substantially equal school advantages does not impair any rights, and is not prohibited by the constitution of the United States. Equality of rights does not necessarily imply identity of rights. These views have been held by the supreme court of Ohio, in respect to a law under which colored children were not admitted as a matter of right into the schools for white children. State v. McCann, 21 Ohio St. 199. See, also, State v. Duffy, 7 Nev. 342, where substantially the same doctrine is held. See, also, the concurring opinion of Mr. Justice Clifford, in Hall v. De Cuir, 95 U. S. 485. In the state of Georgia there is a law forbidding the intermarriage of white persons and persons of African descent. It was held by Erskine, District Judge, of the United States court, that this law was not obnoxious to the fourteenth amendment to the constitution. In re Hobbs, [Case No. 6,550.] The argument in support of this decision is that the law applies with equal force to persons of both races. Its prohibition applies alike to black and white, and the penalty for disobedience falls with equal severity on both. These authorities, it seems to me, fully sustain the views above announced by this court. But complainant contends that by the constitution of the state of Louisiana separate schools for white and colored children are prohibited, that the actings and doings of defendants set out in the bill are in violation of the plaintiff's right under the constitution of the state, and are a denial to plaintiff of the ·equal protection of the laws of the state, and that the board of the city schools and the other defendants in the bill, in this matter represent the state; that their acts are the acts of the state, and, consequently, that the clause of the fourteenth amendment to the constitution of the United States, which declares "No state shall deny to any person within its jurisdiction the equal protection of the laws," applies to this case.

Whether the board of directors of city schools, Rogers, the chief superintendent of ·schools, and Gordon, the principal of the Fillmore school, are the state of Louisiana, or represent the state of Louisiana, so that their acts are to be considered the acts of the state, it is unnecessary now to decide. Conceding for the present that their acts are the acts of the state, does it follow that this court can take cognizance of their doings, under that clause of the constitution relied on? If I am not in error in holding that the requiring of white and colored children to attend separate schools, even when such schools are supported at the public cost, does not deprive either class of their equal rights, it would follow that as between citizens of the same state this court has no jurisdiction· of the case presented by the bill. If I am right in the view presented the claim of complainant amounts to this, that this court, without regard to the citizenship of the parties, has authority to inquire into every violation of a state law or state constitution by the officers of the state. This court does not sit to supervise the conduct of state officers unless it impairs some right granted by the constitution of the United States, or unless the citizenship of the parties to the suit gives the court jurisdiction. Generally we are authorized to enforce or administer the state laws only when there is a controversy between citizens of different states. As the bill does not present the case of an impairment of a right granted by the constitution of the United States, and as all the parties to it are citizens of the state of Louisiana it does not disclose any case of which this court can take jurisdiction. The demurrer must therefore be maintained.