# CHARLESTON.

MARTIN v. BOARD OF EDUCATION *et al.*

Submitted September 4, 1896—Decided Nov. 28, 1896.

1. CONSTITUTIONAL LAW—MIXED SCHOOLS.
    Section 8 of article XII of the Constitution of this state, which provides that "white and colored persons shall not be taught in the same school," is not repugnant to section 1 of the fourteenth amendment to the Constitution of the United States.

2 MANDAMUS—WRIT OF ERROR—CIRCUIT COURT.
    Where the circuit court refuses to award a rule on a petition praying a *mandamus*, the proper remedy is not by writ of error, but by direct application to this Court for such rule.

J. B. CLIFFORD for plaintiff in error cited Const. Art. VIII. ss. 3, 8; Code c. 45, ss. 17, 18; U. S. Const. Amd. 14, s. 1; Const. Art. XII, s. 1; 45 Am. Rep. 232; 21 Ohio St. 210; 17 Am. Rep. 405, 738; 23 Am. St. Rep. 895; 100 U. S. 303, 339; 17 Wall. 445; 86 Pa. St. 247; 26 Kans. 1; 101 Ill, 308; 78 N. Y. 56; 8 Am. Rep. 713; 18 Mich. 400; 24 Iowa, 266; 10 Fed. Rep. 730; 16 Fed. Rep. 297.

FLICK & WESTENHAVER for defendants in error, cited
Const. Art. XII ss. 1, 8; Code c. 45, ss. 17, 18; 93 N. Y. 438;
21 Ohio St. 210; 48 Ind. 337; 103 Mo. 546; 48 Cal. 36; 7
Nev. 342; 13 Abb. Pr. (N. S.) 159; 40 How. (N. Y.) 249; 5
Cush. 199; 16 Wall. 36; 95 U. S. 504-506; 95 U. S. 485;
109 U. S. 3; 103 U. S. 370; 21 Wall. 162; 106 U. S. 583; 26
Kan. 1; 24 Iowa, 266; 40 Iowa, 513; 101 Ill. 308.

DENT, JUDGE:

Thomas Martin presented his petition to the Circuit
Court of Morgan county, alleging that he is a citizen of the
state of West Virginia, and a resident and tax payer of school
subdistrict No. 4 of Cacapon district, Morgan county;
that he is of African descent, and is the father of five
children of lawful school age; that the board of education
have failed to provide, as required by law, the necessary
facilities to afford his children the benefits of a common-
school education, and refused to do so; that they have pro-
vided a common-school, known as "Camp Hill School," in
said district, for white children, but refuse to permit his
children to attend the same because of their color—and he
prays a *mandamus* to compel the admission of his children
to such school. The circuit court refuses to entertain such
petition or issue a rule thereon, and dismissed the same.
A writ of error was granted by this Court.

The meritorious question presented is as to whether
section 8 of article XII of the Constitution of this state is
repugnant to section 1 of the fourteenth amendment to the
Constitution of the United States, in this: that it declares
that "white and colored persons shall not be taught in the
same school." The only privilege that appears to be de-
nied to colored children in this section is that of associa-
ion with white children, and *vice versa*. If it had required
that they should be taught in the same school, then it would
have been a compulsory infringement of the rights of both,
but, as it is now, it treats them both alike, and places them
precisely on the same footing. It prevents the legislature
and boards of education from infringing on the rights of
both in compelling them to attend a common school,
which might be highly detrimental to both, and injurious

to the school. Social equality can not be enforced by law. This question has already been settled by numerous decisions of state and federal courts. *Hall* v. *De Cuir*, 95 U. S. 485; *Slaughterhouse Cases*, 16 Wall. 36; *State* v. *McCann*, 21 Ohio St. 210; *People* v. *Gallagher*, 93 N. Y. 438; *Cory* v. *Carter*, 48 Ind. 337; *Lehew* v. *Brummell*, 103 Mo. 546 (15 S. W. 765); *Ward* v. *Flood*, 48 Cal. 36; *State* v. *Duffy*, 7 Nev. 342; *Roberts* v. *City of Boston*, 5 Cush. 199. Petitioner's counsel insists that while this is the settled law, yet, because the legislature and the board of education had failed to make proper provision to afford equal facilities to colored children, that they are entitled to attend the school provided for white children, on equal terms. Such a determination would be, in effect, permitting the neglect of the legislature or board of education to abrogate the Constitution, while it is the paramount duty of this Court to see that they obey it. Therefore, the circuit court could not do otherwise than refuse the prayer of the petition.

It is insisted, however, that the prayer of the petition can be amended. If asked in the circuit court, it could have been done; but the case is now here on writ of error, which only goes to the correction of the errors of the circuit court, and must be heard and determined on the papers and proceedings according to the record. If an original application had been made to this Court, the petition could probably have been amended. This gives rise to the question as to whether the writ of error was improvidently awarded. This Court has original jurisdiction in *mandamus*. Rule 13, 23 W. Va. 829, requires petitions for *habeas corpus*, *mandamus*, and prohibition, where it is at all practicable, to be first presented to the circuit court. In the present case the petition was presented to the circuit court, and it refused to issue rule thereon. There was no appearance in behalf of any person to such petition. The proceeding, so far as it went, was wholly *ex parte*. There was no person before the circuit court to be affected by the writ of error, and in case of reversal the only order this Court could have made would have been to have sent the petition back with direction to the circuit court to issue a rule to bring the parties before the court. A judgment for

costs against the defendants would not have been proper, for the reason they had not had notice, were not in court, and made no defense to the petition. They were therefore not entitled to have notice of the writ of error when issued, for they were not parties to, or in any wise bound by, the proceedings in the circuit court. In the case of *State* v. *Capeller*, 37 Ohio St. 121, it was held: "The refusal to allow an alternative writ of *mandamus* is not reviewable on error. The remedy of the relator is by application to this Court for the allowance of the writ after its refusal by the district court." This appears to be reasonable and right, and in accord with our practice. If the petitioner had no other remedy, then a writ of error would be proper; but when he can apply direct to this Court, why compel him to adopt a useless and unnecessary procedure, which, when the parties are finally impleaded, and a conclusion reached, would end in this Court for adjudication?

The writ of error should be dismissed as improvidently awarded.