The People of the State of New York ex rel. Elizabeth Cisco, Appellant, *v.* The School Board of the Borough of Queens, New York City, Respondent.

1. Schools — Separate Schools for Colored Children. The Consolidated School Law (L. 1894, ch. 556, tit. 15, § 28) authorizes the school board of the borough of Queens to maintain separate schools for the education of its colored children, and to exclude them from its other schools, provided, always, that the schools for colored children make the same provisions for their education as are made for others, so far as the nature, extent and character of the education and facilities for obtaining it are concerned.

2. Constitutional Law — Penal Code, § 383. Neither the provisions of article 9 of the Constitution of 1894, relating to a system of free common schools, nor those of section 383 of the Penal Code, making it a misdemeanor for teachers or officers of the common schools and public institutions of learning to exclude any citizen from the equal enjoyment of any accommodation or privilege, qualify or limit the right to establish separate schools of such a character, the school board having the right to determine where different classes of pupils shall be educated, provided equal facilities and accommodations are afforded all.

*People ex rel. Cisco* v. *School Board*, 44 App. Div. 469, affirmed.

(Argued January 9, 1900; decided February 6, 1900.)

Appeal from an order of the Appellate Division of the Supreme Court in the second judicial department, entered November 28, 1899, affirming an order of the Special Term denying an application for a peremptory writ of mandamus to compel the defendant to admit the children of the relator to one of the common schools of the borough of Queens, without distinction of color.

The facts, so far as material, are stated in the opinion.

1900.]    People ex rel. Cisco v. School Board.    599

N. Y. Rep.]        Opinion of the Court, per Martin, J.

*George Wallace* for appellant. The respondent has no right to exclude relator's children from the common schools on account of their color. (L. 1897, ch. 378, §§ 1056, 1094; L. 1884, ch. 248; *People* v. *King*, 110 N. Y. 418; Penal Code, § 383; L. 1894, ch. 671; Const. N. Y. art. 9, § 1.)

*John Whalen, Corporation Counsel* (*William J. Carr* of counsel), for respondent. The school board had the power to organize a separate school for the instruction of children of African descent and to assign thereto the children of the relator. (L. 1897, ch. 378, § 1094; L. 1864, ch. 555, tit. 10, § 1; *People ex rel.* v. *Gallagher*, 93 N. Y. 438; *Ward* v. *Flood*, 48 Cal. 36; *Cory* v. *Carter*, 48 Ind. 327; *Roberts* v. *Boston*, 59 Mass. 198; *Lehen* v. *Brummell*, 103 Mo. 546; *McMillan* v. *School Committee*, 107 N. C. 609; *L. R. R. Co.* v. *Mississippi*, 133 U. S. 587; *Plessy* v. *Ferguson*, 163 U. S. 537; *State* v. *McCann*, 21 Ohio St. 211.)

Martin, J. The single question in this case is whether the school board of the borough of Queens is authorized to maintain separate schools for the education of the colored children within the borough, and to exclude them from the other schools therein, it having made the same provisions for their education as are made for others so far as the nature, extent and character of the education and facilities for obtaining it are concerned.

In *People ex rel. King* v. *Gallagher* (93 N. Y. 438) the statute of 1864, which was the Common School Act, chapter 143, Laws of 1850, and chapter 863, Laws of 1873, which related to the public schools of the city of Brooklyn, were under consideration. They authorized the establishment of separate schools for the education of the colored race in cities and villages of the state, and in the city of Brooklyn. In that case it was held that they were valid, that they did not deprive children of African descent from the full and equal enjoyment of any accommodation, advantage, facility or privilege accorded to them by law, and that they in no way

discriminated against colored children. It was also held that the fourteenth amendment of the Federal Constitution only required that such children should have the same privilege of obtaining an education with equal facilities as are enjoyed by others without regard to race or color, and that the requirement that they should be educated in separate schools did not impair or interfere with their rights under the Constitution or with any other legal rights of colored pupils.

The Consolidated School Law (Laws of 1894, ch. 556, tit. 15, § 28) contains the same provisions relating to this subject as were contained in the statute of 1864. Thus the same statutory authority for the maintenance of such separate schools now exists as existed when the *King* case was decided. Therefore, as this question has already been decided, it is not an open one in this court.

But it is insisted by the appellant that as the Penal Code (Sec. 383) makes it a misdemeanor for teachers or officers of common schools and public institutions of learning to exclude any citizen from the equal enjoyment of any accommodation or privilege, it in effect confers upon colored children the right to attend any school they or their parents may choose, and that the school board had no authority to establish separate schools and deny them the right to attend elsewhere. The first answer to this insistence is that the Penal Code was in existence at the time of the decision of the *King* case, and must be regarded as having been considered in that case. Moreover, independently of that decision, we do not see how that statute changes the effect of the conclusion reached in the case referred to; provided the facilities and accommodations which were furnished in the separate schools were equal to those furnished in the other schools of the borough. It is equal school facilities and accommodations that are required to be furnished, and not equal social opportunities.

The case of *People v. King* (110 N. Y. 418) is relied upon as modifying or overruling *People ex rel. King* v. *Gallagher*. We do not think such is its effect. In the former case a colored person was excluded from a place of public amusement

controlled by the defendant, and it was there held that the latter was guilty of a misdemeanor.  In that case there was a total denial of the complainant's right to attend or to participate in the enjoyment of the entertainment.  There no other accommodation or facility was furnished by the defendant.  Not so here.  In this case the colored children were given the same facilities and accommodations as others.  We are of the opinion that the case of *People* v. *King* neither modifies nor affects the principle of the decision in *People ex rel. King* v. *Gallagher*, so far as it applies to the question under consideration.

Again it is said that the present Constitution requires the legislature to provide for the maintenance and support of a system of free common schools wherein all the children of this state may be educated, and, therefore, the school board was required to admit to any school under its control all the children who desired to attend that particular school.  Such a construction of the Constitution would not only render the school system utterly impracticable, but no such purpose was ever intended.  There is nothing in that provision of the Constitution which justifies any such claim.  The most that the Constitution requires the legislature to do is to furnish a system of common schools where each and every child may be educated, not that all must be educated in any one school, but that it shall provide or furnish a school or schools where each and all may have the advantages guaranteed by that instrument.  If the legislature determined that it was wise for one class of pupils to be educated by themselves, there is nothing in the Constitution to deprive it of the right to so provide.  It was the facilities for and the advantages of an education that it was required to furnish to all the children, and not that it should provide for them any particular class of associates while such education was being obtained.  In this case, there is no claim that the relator's children were excluded from the common schools of the borough, but the claim is that they were excluded from one or more particular schools which they desired to attend and that they possessed the legal right to attend those schools, although they were given equal accom-

76

modations and advantages in another and separate school.. We find nothing in the Constitution which deprived the school board of the proper management of the schools in its charge, or from determining where different classes of pupils should be educated, always providing, however, that the accommodations and facilities were equal for all. Nor is there anything in this provision of the Constitution which prevented the legislature from exercising its discretion as to the best method of educating the different classes of children in the state, whether it relates to separate classes as determined by nationality, color or ability, so long as it provides for all alike in the character and extent of the education which it furnished and the facilities for its acquirement.

The order should be affirmed, with costs.

PARKER, Ch. J., GRAY, O'BRIEN, BARTLETT and HAIGHT, JJ., concur; VANN, J., not voting.

Order affirmed.