### WONG HIM v. CALLAHAN et al.

(Circuit Court, N. D. California. December 5, 1902.)

No. 13,245.

1. SCHOOLS—CHINESE—SEPARATE SCHOOLS—CONSTITUTIONAL RIGHTS.
   Pol. Code Cal. § 1662, provides that, where separate schools have been established by the school trustees for children of Mongolian descent, such children must not be admitted into any other schools. *Held* that, regardless of the motive in the enactment of the statute, where the Chinese schools offered the same advantages as the other schools, the operation of the law was not a violation of Const. U. S. Amend. 14.

2. DECREE—DEFAULT—COMPLAINT—INSUFFICIENT ALLEGATIONS.
   Though a defendant may be in default, the complainant is not entitled to a decree pro confesso where the allegations of his complaint are insufficient to support a decree in his favor.

George D. Collins, for complainant.

DE HAVEN, District Judge. The question presented to the court for decision at this time arises upon complainant's motion for a decree pro confesso under equity rule 18. The complainant is an infant, and native-born citizen of the United States, of Chinese parentage, and seeks in this action, brought by his father as prochein ami, for a decree against the principal of the Clement Grammar School in the city and county of San Francisco and the members of the board of education of that city and county, restraining them from preventing the admission of the complainant into the Clement Grammar School as a pupil. The bill alleges that all children, irrespective of age and

¶ 2. See Equity, vol. 19, Cent. Dig. § 958.

nationality, are permitted to attend said grammar school, with the exception of children of Chinese descent, and that the defendants exclude the complainant from the right to attend this school upon the sole ground that he is of Chinese descent, and claim the right to do so under the provisions of section 1662 of the Political Code of the state of California, which gives to the trustees of school districts the power to establish separate schools for children of Mongolian or Chinese descent, and further provides that "when such separate schools are established, Chinese or Mongolian children must not be admitted into any other schools." It is further alleged that this statute is in conflict with the fourteenth amendment to the constitution of the United States, in that it deprives the complainant of the equal protection of the laws of California relative to his right to admission as a pupil into the public schools of the state. As I construe the allegations of the bill, there has been established in the city and county of San Francisco a separate school exclusively for Chinese children and children of Chinese descent, which the complainant can attend. It is not alleged that such school does not afford the same advantages in the matter of acquiring an education as is given to children of schools to which Chinese are not admitted. The sole ground of complaint is that the maintenance of separate schools for children of Chinese descent is a discrimination against such children, and it is alleged that such discrimination "is arbitrary, and the result of hatred for the Chinese race." The validity of the statute referred to does not depend upon the motive which may in fact have actuated the members of the legislature in voting for its enactment. Upon such an inquiry the courts have no right to enter. If the law does not conflict with some constitutional limitation of the powers of the state legislature, it cannot be declared invalid. Concerning the authority of the state over matters pertaining to public schools within its limits, and the validity of legislation of the character of that under consideration, it is well settled that the state has the right to provide separate schools for the children of different races, and such action is not forbidden by the fourteenth amendment to the constitution, provided the schools so established make no discrimination in the educational facilities which they afford. When the schools are conducted under the same general rules, and the course of study is the same in one school as in the other, it cannot be said that pupils in either are deprived of the equal protection of the law in the matter of receiving an education. Ward v. Flood, 48 Cal. 36, 17 Am. Rep. 405; Lehew v. Brummell (Mo.) 15 S. W. 765, 11 L. R. A. 828, 23 Am. St. Rep. 895; State v. McCann, 21 Ohio St. 198; People v. Gallagher, 93 N. Y. 438, 45 Am. Rep. 232; People v. School Board of Borough of Queens, 161 N. Y. 598, 56 N. E. 81, 48 L. R. A. 113; U. S. v. Buntin (C. C.) 10 Fed. 736; Bertonneau v. Board, 3 Woods, 177, Fed. Cas. No. 1,361. The case of Roberts v. City of Boston, 5 Cush. 198, may also be cited in support of the conclusion that the matters alleged in the bill do not show that complainant has been deprived of the equal protection of the laws of the state of California relating to education.

2. The defendants are in default, but this does not entitle the complainant to a decree pro confesso, unless the allegations of the bill are

sufficient to support a decree in his favor. Thomson v. Wooster, 114. U. S. 104, 5 Sup. Ct. 788, 29 L. Ed. 105. The bill does not, in my opinion, state facts sufficient to entitle the complainant to the relief prayed for, nor to any relief, and for this reason must be dismissed, and it is accordingly so ordered.