JELSMA, Co. Treas., et al. v. BUTLER et al.

No. 11,207—Opinion Filed Dec. 14, 1920.

(Syllabus by the Court.)

1. **Schools and School Districts—Separate Schools for Races—Officers.**

The law of the state for the purpose of providing separate schools for the white and colored races, provides there shall be a district and a separate school, and the district school to be of that race having the larger number of children in the district. The county superintendent of public instruction has the authority to designate which is the district and which is the separate school of the district, and where said superintendent designates the district school as a school for white children, persons of the colored race cannot legally hold as school directors of such district, since section 3, art. 15, ch. 219, Session Laws 1913, page 571, requires that "members of the district school board shall be of the same race as the children who are entitled to attend the school of the district, not the separate school."

2. **Same—District Directors—Racial Qualification—Vacancies.**

Where the district school is designated by the superintendent of public instruction for children of the white race, the board of school directors of such school district cannot legally be of the colored race, and where persons of the colored race assume to be such directors, such assumption is a nullity and there is a vacancy in such board of directors as a matter of law, and the said county superintendent has the authority to fill such vacancies by the appointment of persons of the white race having the qualifications required by law.

Error from District Court, Logan County; Arthur R. Swank, judge.

Quo warranto and injunction by C. G. Butler and others against Lawrence Jelsma, County Treasurer, and others. Judgment for

plaintiffs, and defendants bring error. Reversed and remanded, with instructions to render judgment for defendants.

S. P. Freeling, Atty. Gen., R. E. Wood and E. L. Fulton, Asst. Attys. Gen., F. H. McGuire, R. C. Bassett, and A. V. Dinwiddie, Co. Atty., for plaintiffs in error.

Geo. W. Carry and Jno. F. Anderson, for defendants in error.

COLLIER, J. This is an action of quo warranto instituted by the defendants in error, hereinafter designated plaintiffs, against the plaintiffs in error, hereinafter designated defendants, and to enjoin Lawrence Jelsma, county treasurer, from paying certain designated school warrants.

The case was tried below upon the pleadings and upon agreed statement of facts. The pleadings are as follows:

(Omitting the caption.)
"Petition.

"To the Honorable Arthur R. Swank, Judge of the Eleventh Judicial District of Oklahoma.

"Your relators respectfully show and represent to the court: (1) That they are citizens of the United States and legal voters and taxpayers and patrons, residing in school district No. 77, Logan county, state of Oklahoma, and as such have lived and resided many years prior to this date; that they are and were long prior to July, 1918, legal and qualified voters of school district No. 77, and attended the legal and regular annual meeting of the citizens of said school district No. 77, when meetings for the purpose of electing members of the district school board for said district No. 77, were held. That prior to the beginning of the school year for 1919 and 1920, said relators are and were the legally qualified and elected and acting members of said district school board of said district No. 77, having been duly, regularly and legally elected as follows, to wit:

"In the July, 1918, meeting, the same being the second Tuesday in July, 1918, as by law provided, relator C. G. Butler, was elected director to fill the unexpired term of one W. G. Kellogg, director, who resigned, which said unexpired term ends in July, 1920, and that said C. G. Butler qualified and at this time is serving as director of said district school board of said school district No. 77.

"That relator, William Jarmon, was duly, legally and regularly elected clerk of said school board at the annual July, 1919, meeting of the voters of said school district No. 77, the same being the second Tuesday of July, 1919, as by law provided, for the term of three years, and qualified as such, and at this time is serving as clerk of said district school board.

"That said relator, Moses Blair, was duly, regularly and legally elected member at the annual July, 1918, meeting of the voters of said school district, the same being the second Tuesday of July, 1918, as provided by law, and qualified as such, and at this time is serving as member of said district school board.

"(2) That on or about the third day of November, 1919, Cora E. Ferrell, the duly elected, qualified and acting county superintendent of said county and state, appointed a pretended school board for said school district No. 77, as follows, to wit: One Weaver Wilson as clerk, one Frank Biggs as director, and one Cora E. Ferrell as member. That the said pretended officers of said school district No. 77 have attempted to qualify as such and that as such pretended school board of school district No. 77, they are usurping, intruding into, interfering with, and endeavoring to perform the duties incumbent upon such officers; that they are illegally drawing orders and warrants and vouchers on the district school fund of said school district No. 77, said fund being in the possession and custody of Lawrence Jelsma, the county treasurer, and the said illegal warrants have been honored and are being honored by the said county treasurer.

"(3) That notwithstanding the said C. G. Butler, director, William Jarmon, clerk, and Moses Blair, member, relators herein, constitute and are at this time the district school board of the said school district No. 77 in said Logan county, Oklahoma, the said defendants and pretended school board of the said school district No. 77, are usurping and intruding into, and now unlawfully hold and exercise with said school district No. 77, the said officials as members of said district school board, and unlawfully claim and assume to be such officers for the scholastic year 1919 and 1920.

"That your relators further state that for all of said wrongful and unlawful acts of said respondents, said relators are entirely without a remedy at law unless it be afforded by the interposition of the court.

"Whereupon, your relators demand that judgment be rendered herein upon the rights of said relators to hold the said offices, and also, upon the pretended rights of said respondents thereto, and that it be adjudged that the respondents have no just or legal right to hold, occupy or exercise the functions and duties of said offices of said school board of school district No. 77, Logan county, Oklahoma, and that the said relators, C. G. Butler, director, William Jarmon, clerk, and Moses Blair, member have the legal and just right to hold said offices for the full time for which they were elected, and that said county treasurer, Lawrence Jelsma, be enjoined and restrained from disbursing the funds of said school district No. 77, until the further order of the court, and that the relators may recover of the respondents the costs of this action and damages; and that the respondents be ousted and excluded from said offices, and for such other and further relief as may be just and equitable.

"(Signed) G. W. Carry and Jno. F. Anderson, Attorneys for Plaintiff.

"State of Oklahoma, Logan County, ss.

"C. G. Butler, Moses Blair, and William Jarmon, being first duly sworn, say that they are the plaintiffs above named and that they have read the. foregoing petition and know the contents thereof; and that the matters and things therein stated are true.

"(Signed) C. G. Butler, Wm. Jarmon, M. Blair.

"Subscribed and sworn to before me this 19th day of December, A. D. 1919, (Signed) Ruby D. Rotterman, Deputy County Clerk, (Seal.)"

(Omitting caption.)

"Answer of Defendants, Weaver Wilson, Frank Biggs and Cora E. Ferrell.

"Comes now the said defendants and deny each and every allegation in plaintiff's petition except such as are hereinafter especially admitted.

"Said defendants, Weaver Wilson, Frank Biggs and Cora E. Ferrell for their answer say that school district No. 77, Logan county, Oklahoma, is a duly organized school district in Logan county, having a mixed population of white and colored people, and said school district has had ever since 1902, a district and a separate school, except for perhaps a period of one or two years, and the district school has existed and been carried on as a white school and the separate school during said time has been the colored school.

"That during the year 1913 and until July 14, 1919, Margaret Doolittle was county superintendent of public instruction in said county of Logan and in January, 1914, the said county superintendent, Margaret Doolittle, did designate that the colored school in said district No. 77 should be the separate school in said district, in accordance with section 3 of art, 15 of Session Laws 1913, as she was duly authorized to do and since that, as before, said colored school has continued to be the separate school of said district.

"That one Cora E. Ferrell is the duly qualified and acting county superintendent of public instruction of Logan county and has been ever since the 14th day of July, 1919, and that on or about November. 1919, there was a vacancy in the school district board of said district No. 77, there then being no director, clerk or member. elected and qualified, or acting as such officers, accordingly the said Cora E. Ferrell, superintendent of public instruction, did designate and appoint defendant Weaver Wilson as clerk, Frank Biggs as director and Cora E. Ferrell as member of said district board of school district No. 77, and they are and have been ever since the duly qualified and acting members of said district school board.

"That notwithstanding that the defendants, Weaver Wilson, Frank Biggs and Cora E. Ferrell, all white persons, are duly qualified and 'acting members of said school board, the said plaintiffs, C. G. Butler, William Jarmon and Moses Blair, each of whom is a colored man, are attempting, without any legal claim or right, to usurp the offices of director, clerk and member of the school district board of the said white district school No. 77 as aforesaid.

"That the said C. G. Butler, in his petition, shows on the face of his pleadings that he has no right or clai mwhatever to the office of director of s id school in said school district for the reason that in July, 1918, said relator, C. G. Butler, it is alleged, was elected director for the unexpired term of one W. C. Kellogg, director, whereas no election for director could be lawfully held during the year said alleged election of director took place.

"That before and at said time it was the duty of the county superintendent of public instruction to appoint persons to fill all vacancies in school district boards and the persons so appointed continue to hold said offices respectively for the whole of the unexpired term.

"Wherefore said defendants pray that said petition of plaintiff be dismissed at the cost of the plaintiffs and for such other and further relief as defendants may be entitled to.

"(Signed) R. C. Bassett, F. H. McGuire, Attorneys for Defendants."

The agreed statement of facts is as follows:

"That this school district No. 77, is one of the legally constituted school districts of Logan county, Oklahoma, having a mixed population of white and colored people; that the defendants in error are members of the colored race; that in 1914, the county superintendent of schools of said county designated the colored school of said district No. 77 as a separate school, and the white school as the district school, and ever since said time the said colored school has been maintaind and conducted as a separate school, and the white school has been continuously maintained and conducted as a district school; that at an election held in said district for the purpose of electing members of the district school board of said district, the defendants in error were elected as members of such district school board and afterwards qualified for and assumed the duties of such offices; that thereafter and prior to the announcement of this action, the county superintendent of said county declared that a vacancy existed in the office of the director, clerk and member of the school board of said district, and thereupon appointed the plaintiffs in error, Frank Biggs, Weaver Wilson and Cora E. Ferrell, each of whom are members of the white race, as director, clerk and member of the school district board of said district, and that they afterwards qualified and assumed the offices as the school district officers of the said district school in said district."

The court rendered judgment "That the plaintiffs are entitled to the immediate possession of said office, together with all of the books, papers and records appertaining thereto, and are entitled forthwith to discharge all of the duties appertaining to said office, and that the defendants, Weaver Wilson, Frank Biggs and Cora E. Ferrell, are without legal authority to act as the officers of said school district and are hereby ousted from office as members of the school board of said district No. 77, Logan county, Oklahoma," and enjoining Lawrence Jelsma, the county treasurer of said county, from paying warrants issued by defendants, Weaver Wilson, Frank Biggs and Cora E. Ferrell, and that the plaintiffs recover cost taxed in said cause—to which the defendants excepted. Timely motion for a new trial was made, overruled and exception saved. The defendants in open court gave notice of their intention to appeal to this court and perfected their appeal.

Section 1, art. 15, ch. 219, Session Laws 1913, page 571, provides:

"The public schools of the state of Oklahoma shall be organized and maintained upon a complete plan of separation between the white and colored races with impartial facilities for both races."

Section 3 of article 15, ch. 219, Session Laws 1913, page 571, provides:

" * * * That the county superintendent of public instruction in each county shall have authority to designate what school or schools in each district, shall be the separate school and what class of children, either white or colored, shall have the privilege of attending such separate school or schools in said district.

"Members of the district school board shall be of the same race as the children which are entitled to attend the school of the district, not the separate school."

The complete separation of the races in the public schools of this state necessarily requires that the directors of a school district shall be of the same race as the children who can legally attend such district school, and the law so requiring is not a discrimination against the colored race and is not in conflict with the Constitution of the United States, but simply vitalizes in part section 3, art. 15, of the Constitution of this state, which reads as follows:

"Separate schools for the white and colored children with like accommodation shall be provided by the Legislature and impartially maintained."

In vol. 24, R. C. L., page 652, section 110. it is said:

"In the provision for public education made by many of the states, a separation of the races is enforced by requiring separate schools to be provided for each and prohibiting members of either race from attending the school provided for the other, and in every instance in which the question has arisen as to the validity of such legislation it has been upheld as a valid exercise of its police power by the state. Equality of rights does not involve the necessity of educating children of different races in the same school; in other words, equality of rights does not of necessity imply identity of rights." Maddox v. Neal, 45 Ark. 121, 55 Am. Rep. 540; Ward v. Flood, 48 Cal. 36, 17 Am. Rep. 405; Wall v. Oyster, 36 App. Cas. (D. C.) 50, 31 L. R. A. (N. S.) 180; Cory v. Carter, 48 Ind. 327, 17 Am. Rep. 738; Williams v. Board of Education, 79 Kan. 202, 99 Pac. 216, 22 L. R. A. (N. S.) 584, and note; Berea College v. Com., 123 Ky. 209, 94 S. W. 623, 124 A. S. R. 344 and note, 13 Ann. Cas. 337, and note; Columbia Trust Co. v. Lincoln Institute, 138 Ky. 804, 129 S. W. 113, 29 L. R. A. (N. S.) 53, and note; Mullins v. Belcher, 142 Ky. 673, 134 S. W. 1151, Ann. Cas. 1912 D, 456; Lehew v. Brummell, 103 Mo. 546, 15 S. W. 765, 23 Am. St. Rep. 895, 11 L. R. A. 828; State v. Duffy, 7 Nev. 342, 8 Am. Rep. 713; People v. School Board, 161 N. Y. 598, 56 N. E. 81, 48 L. R. A. 113; McMillan v. School Committee, 107 N. C. 609, 12 S. E. 330, 10 L. R. A. 823; Johnson v. Board of Education, 166 N. C. 468, 82 S. E. 832, L. R. A. 1915A, 828; Crawford v. School District No. 7, 68 Ore. 388, 137 Pac. 217, Ann. Cas. 1915C, 477. 50 L. R. A. (N. S.) 147; Tucker v. Blease, 97 S. C. 303, 81 S. E. 668, Ann. Cas. 1916 C, 796, and note; Notes: 65 Am. St. Rep. 336; 14 L. R. A. 581; 44 U. S. (L. Ed.) 262.

It is contended by plaintiffs that the county superintendent of public instruction of said county was without authority to declare a vacancy in the board of directors of said district, and this contention we think without merit, for the reason that the plaintiffs were of the colored race and the district school of said district No. 77 had been legally designated by the county superintendent of public instruction of the county as the school for white children, and plaintiffs were not "of the same race as the children which were entitled to attend the district school," and hence were not qualified to be directors of said district school board, and the assumption of said plaintiffs to be such district directors was a nullity and there was a vacancy as a matter of law as to a board of directors of said district, which the county superintendent of public instruction could legally fill by appointment of defendants— who were of the white race and otherwise qualified to be such directors—by authority of section 8 of the act approved May 22, 1913 (Session Laws 1913, page 495), which reads as follows:

"Should a vacancy occur in the board of directors of any school district it shall be the duty of the county superintendent to appoint some qualified person, resident of the district, to fill the same."

As heretofore shown, the court erred in rendering judgment in this case ousting defendants as the board of directors of said school district No. 77 of Logan county, Oklahoma, and in enjoining the county treasurer of said county from paying warrants issued by the defendants as such board.

The judgment of the trial court is reversed and the cause remanded, with instructions to dissolve said injunction and render judgment for defendants.

All the Justices concur.