ERVIN et al. v. SEIKEL, County Supt.

No. 29703.     Oct. 7, 1941.

Rehearing Denied Oct. 28, 1941.

Application for Leave to File Second Petition for Rehearing Denied Dec. 9, 1941.

*119 P. 2d 563.*

Kenneth B. Kienzle, of Shawnee, for plaintiffs in error.

Wyatt, Wyatt & Green, of Shawnee, for defendant in error.

PER CURIAM. The defendant in error, superintendent of public instruction of Pottawatomie county, established a school for children of the white race in school district No. 6 in said county where the sole previously existing school was one for the children of the colored race, and designated the school so created for the children of the white race as the district school and the school for the children of the colored race as the separate school and declared the offices which the plaintiffs in error had theretofore held as members of the board of the prior existing district school to be vacant and appointed members of the white race to fill the vacancies which had resulted from the creation of said district and separate schools. The plaintiffs in error appealed to the district court of said county, and from a judgment of said court sustaining the action of the defendant in error as superintendent of public instruction have prosecuted this appeal.

The plaintiffs in error assign twelve specifications of error and argue the same generally under the theory that judgment is contrary to the evidence and contrary to law. The sole citation

of authority is to section 7035, O. S. 1931, 70 Okla. St. Ann. § 453, which is authority for the action taken by the defendant and which wholly fails to sustain any of the contentions advanced by the plaintiffs in error. As said in Jelsma, Co. Treas., v. Butler, 80 Okla. 46, 194 P. 436:

"Where the district school is designated by the superintendent of public instruction for children of the white race, the board of school directors of such school district cannot legally be of the colored race, and where persons of the colored race assume to be such directors, such assumption is a nullity and there is a vacancy in such board of directors as a matter of law, and the said county superintendent has the authority to fill such vacancies by the appointment of persons of the white race having the qualifications required by law."

See, also, Jumper v. Lyles, 77 Okla. 57, 185 P. 1084 and State ex rel. Gumm v. Albritton, 98 Okla. 158, 224 P. 511.

An examination of the record fails to disclose any apparent fundamental error, and this being the case, the judgment brought will not be disturbed.

Judgment affirmed.

CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, C. J., and RILEY, J., absent.