SCHOOL DISTRICT NO. 71, OKLAHOMA COUNTY v. ED OVER-
HOLSER, CHARLES GOKEY, LYCURGUS LYNCH, *as the
Board of County Commissioners of Oklahoma County,
O. T., F. W. LANE AND CLAUDE PYLE.*

(Filed September 5, 1906.)

1. COUNTY PROPERTY—Separate Schools—Who May Control the
Same. Under the separate school law a county does not become
the owner of the separate school buildings erected by the board
of county commissioners, in the sense that the board of county
commissioners may sell or dispose of the same as county property.

2. SAME—Such buildings are under the control and management of
the school officers of the districts in which they are erected,
and the board of county commissioners have no authority to di-
rect which class of children shall attend school at either of the
school buildings in such district, or to in any manner interfere
with the school district officers in the control and management
of the district schools.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before
B. F. Burwell, Trial Judge.*

*Grant Stanley,* for plaintiff in error.

*R. G. Hayes, County Attorney* and *J. W. Webb,* for
defendants in error.

STATEMENT OF FACTS.

This cause was determined in the court below on the
following agreed facts:

On the 23rd day of September, 1905, it was mutually
agreed by and between the respective parties hereto in open
court, that the following are the relevant facts in this case:

That under the provisions of the separate school law of the Territory of Oklahoma, the board of county commissioners of 'Oklahoma county, Oklahoma Territory, erected a building on the northwest quarter of section eleven (11), township fourteen (14) north of range one (1) east, to be known, as a separate school for the benefit of either colored or white children, having the minority of children of school age of said district; that district No. 71 built a school house for the benefit of the white or colored children having a majority of children in said district on the northwest quarter of section twelve (12) township fourteen (14) north of range one (1) east, which site was located by the vote of the electors of said district in a regular meeting held for said purpose.

That previous to said time, a building had been erected on the southeast corner of section two (2) township fourteen (14) north of range one (1) east, which school house had been erected by one Lane, who was an officer of said school district at said time, supposing at that time that bonds had been regularly issued for the building thereof, but it was afterwards decided that said bonds were not valid, and said school house has stood in the name of F. W. Lane since said time, but said building is a fit building for school purposes with the exception of seats, said building only having temporary seats.

That said school house on the northwest quarter of section 12, township 14, north of range 1, east, was built by the entire district, that at the time built the county commissioners of Oklahoma county Oklahoma Territory, built said school house for the minority scholars of said district on the northwest quarter of section 11, township 14, range 1 east,

the colored school population of said district was in the minority, but at this time and for some time past, the colored population of said district has the majority school population of said district. School district No. 71, has no interest in the school house on the land herein above described. That notwithstanding the colored scholars of said district are now in the majority, they having been using the separate school house on the northwest corner of section 11, township 14 north of range 1 east, for the holding of their school therein, with the consent of a majority of the board of said district and the county commissioners of said county. That on representations made to the board of county commissioners on September 5th, 1905, the board of county commissioners rented for a separate school in said district the school building erected on the Lane farm, situated in the south east corner of section 2, township 14, north of range 1 east, and rented the building built by the county for a separate school building, on the northwest corner of section 11, township 14, north of range 1 east, to the defendant, F. W. Lane, and that the rental of said building for said purpose was in consideration of the use by said Lane of the separate school building erected by the county as aforesaid. That Lane, under said agreement with the board of county commissioners took possession of the said separate school building and placed in possession thereof the defendant, Claude Pyle, and that the time he took possession of said building school was being held in said building by the colored school population of said district, and the said board of county commissioners ordered the removal of said school to the building rented by them for that purpose, That at the time of the construction of said building by the county for said school purposes, the

district furnished the same at an expense of about $136.00. That since that time, for a period of six years, said school district has kept said school building in repairs, repainting the same twice, caused to be dug and furnished a well for the school purposes, for said school house, caused the building to be insured for the said term of seven years, and caused to be expended for that the sum of $25.00, and that at the time the order of the board of county commissioners was made, that furniture belonging to said school district and purchased by them, as stated above, was inside said building. That the seats are moveable seats. That one of the terms of the insurance policy is that in case the said building is used for other than school purposes said policy can be cancelled upon the option of the insurer. That this school house is worth about $500.00. That since the construction of said separate school building by the said board of county commissioners, said district, for the purpose of accommodating the pupils therein, were compelled to, and did, construct an addition thereto, sixteen by eighteen feet, of the value of $200.00, and the following is the order of the board of county commissioners:

"Oklahoma City, O. T., Sept. 5, 1905.
"Mr. James Graham,
     "Luther, O. T.
     "Dear Sir: We are informed that the colored people of your district are the district school, but that you are holding said school in the building owned by the county; that the white people are the separate school and said school is held in the district building.
     "We have secured for the separate school a building located on the southeast quarter of section 2, township 13, 1 east, on the farm of F. W. Lane, in exchange for which we have given Mr. Lane the use of the county school build-

ing. It is, therefore, ordered that you take your district school to the district building and hold the county school in the building on Mr. Lane's place.

"By order of board of county commissioners.

"ED OVERHOLSER

"Chairman."

Opinion of the court by

GILLETTE, J.: Under the foregoing agreed statement of facts, it is manifest the only question presented to this court for its determination is as to the *powers* of the board of county commissioners over the separate school buildings erected in the several school districts of the county by the board of county commissioners, under the separate school law.

It is contended by the counsel for the defendants in error that after such buildings are erected by the board of county commissioners, and after they are turned over to the school board of the school district in which they are situated, and have been taken possession of, furnished, equipped and occupied by the school district for the purposes for which they were erected, they still remain the property of the county and are subject to the control and disposition of the board of county commissioners, the same as all other property of the county.

In this contention we cannot agree with counsel. The error of counsel's reasoning in this case arises from the assumed *property* status of the separate school buildings, erected by the county commissioners under the separate school law.

Separate school buildings, their grounds and furnishings are not, under the law, property in the sense of being the subject of private ownership and control.

They are created by the exercise of the sovereign power of the territory, and are not subject to be bought and sold or exchanged in the same manner and in the same sense that property may be owned and transferred by private individuals or corporations, for profit. School districts do not own a school building and grounds in the sense that they may sell or exchange or dispose of it except for the purpose of renewing or bettering the school facilities of the district and for the same reason a county acting through its board of county commissioners, having erected a school building as provided in the separate school act of March 8th, 1901, cannot sell or exchange or 'dispose of it as mere county property. See *Kingfisher Board of Education v. County Commissioners,* 14 Okla. 333, where the court says:

"The error in this contention grows out of the fact that by the statement of it there is an assumption that the board of education of Kingfisher' has a *status* so disconnected from the territory as that it has such property rights as are possessed by private corporations, or corporations for profit. This is not the *status* of a school district. School districts are *quasi* public corporations, and they raise funds for school purposes by the exercise of the taxing power of the territory. They are simply the agencies of the higher power. On behalf of the territory they cause taxes to be levied out of which school houses are constructed, and such acts when performed by a school district are a part of the general exercise of sovereignty which the territory exercises over its entire domain; and it cannot say, after the exercise of such power, that the property and rights so acquired belong to the district independent of the territory.  *  *  *"

It is the territory which is interested in and providing for the education of all the children within its limits, and this includes the colored children as well as the whites, and

when the county commissioners have once complied with the law by acquiring a site and erecting a school building thereon for the purpose of a separate school, and the same has been accepted, furnished and made use of by the school district, the authority of the county commissioners over such building is ended and concluded, so long as the same is used by the school district for the purpose for which it was erected. Such school buildings are erected and the school site bought or condemned by the county exercising the sovereign power of the territory for that purpose, and when completed and delivered over to the district are not further subject to the will or control of the board of county commissioners touching their use or ownership.

From that time the building and grounds pass to the control of the school district, and the school board alone has charge and control of them, and must answer for the manner of such use and control, to the law in such case made and provided, and not to the direction or behest of the board of county commissioners.

In the case we are now considering, the county commissioners of Oklahoma county in 1899 procured a site and caused to be erected thereon a school building for the use of the separate school children in district No. 71 in said county. At that time the colored children constituted the class "fewest in number in said district."

The district officials accepted the grounds and building so furnished by the county, and the same has since been occupied and used by the district as and for the colored school of said district. Since receiving it the school district has furnished the building with school furniture at an expense

of $135.00, insured it at an expense of $25.00, had a well dug, and twice repainted the building, and finally built an addition thereon at an expense of $200.00.

It would be a strange doctrine of property rights, if, after all this the county owns the site, building and furnishings in the sense that the board of county commissioners may sell or exchange the same for other property without any reference to the needs of the school district, and without the consent of the district officials.

The object and purpose of the law was to provide equal school facilities for both the white and colored children, where both exist in any district in the territory, but in separate school buildings, and without imposing upon the district having separate schools the expense of two school buildings, and the maintenance of two schools in the same district. Under the law we are considering, this is accomplished by the county at large being to the expense of furnishing the grounds and building for separate school and the payment of teachers' wages. Beyond that, the districts having such separate schools must furnish the building with the same class of school furniture made use of in the building erected by the district, and the two schools are to be kept and run upon an equal footing. See secs. 6284 to 6286 incl. Wil. Ann. Stat.

Nowhere have we been able to find any provision of the law which by any reasonable construction can be held to mean that the county commissioners are to be possessed of the power and authority to regulate and control the use of the school buildings erected at the expense of the county, and determine which of the two classes of children shall attend

school in the building erected by the county, or in any other building.

The school districts and the district school board are alone possessed of this authority, and the county commissioners are not school officers in any sense of the word, and neither the county nor the school districts own the school buildings in the sense that property is owned by a private person, or a corporation for profit. It follows from these views that the county commissioners had no power or authority to exchange the building erected by the county for the use and benefit of district No. 71 in Oklahoma county, for any other building, and no right to dictate to or interfere with the school board of said district in the occupancy and use of either of the school buildings in said district, by directing which class of children should occupy the one or the other.

The judgment of the court below must, therefore, be reversed, and the cause be remanded with directions to set aside the judgment entered therein, sustaining the motion of defendants in error to dissolve the injunction therein issued, and to enter an order overruling said motion, and making said temporary injunction perpetual.

Burwell, J., who presided in the court below, not sitting; all the other Justices concurring.