**JUMPER et al. v. LYLES, County Superintendent.**

No. 10921—Opinion Filed Dec. 2, 1919.

Rehearing Denied Dec. 23, 1919.

(Syllabus by the Court.)

**1. Statutes—Office of Proviso.**

The office of a proviso, generally, is either to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of it as extending to cases not intended by the Legislature to be brought within its purview.

**2. Schools and School Districts—Separate Schools.**

Under section 3, chap. 219, art. 15. Session Laws of 1913, the county superintendent of public instruction of a county is authorized to designate what school or schools in each school district shall be the separate school and which class of children, either white or colored, shall have the privilege of attending such separate school or schools of said school district.

Error from District Court, Wagoner County; Chas. G. Watts, Judge.

Action by George Jumper and others for writ of mandamus against Victoria Lyles, County Superintendent of Public Instruction of Wagoner County. Judgment for defendant, and plaintiffs bring error. Affirmed.

John C. Groves and E. L. Kirby, for plaintiffs in error.

C. A. Summers, for defendant in error.

RAINEY, J. This is an action for a peremptory writ of mandamus instituted in the district court of Wagoner county by George Jumper, for himself and for the use and benefit of all other negro citizens of School District No. 58, of Wagoner county, Oklahoma, as plaintiffs, against Victoria Lyles, as county superintendent of public instruction of Wagoner county, defendant, for the purpose of compelling her to designate the colored school as the majority school and the white school as the minority, or separate, school of said district No. 58 of Wagoner county. From the order of the district court refusing the peremptory writ the plaintiff has appealed to this court.

In the agreed statement of facts in the trial court it is stated that there are fewer white children than colored children in said district; that one Fern H. Siser was county superintendent of public instruction of Wagoner county for the two-year term ending in July, 1919, and that during the year 1919 and prior to the expiration of her term the said Fern H. Siser designated the colored school of said district as a separate school of said district and that her successor, Victoria Lyles, defendant herein, has refused to designate the colored school of said district as the majority school of said district and to designate the white school as the separate school of said district. In the briefs it is agreed that the correctness of the decision of the trial court depends upon the meaning of section 3, chapter 219, art. 15 of the 1913 Session Laws, which reads as follows:

"The county separate school in each district is hereby declared to be that school in said school district of the race having the fewest number of children in said school district; provided that the school superintendent of public instruction of each county shall have authority to designate what school or schools in each school district shall be the separate school and which class of children, either white or colored, shall have the privilege of attending such separate school or schools in said school district."

The language of this section is not ambiguous. That part of the first sentence of the paragraph preceding the proviso means that the separate school of the district shall be the one having the fewest number of children in such district. The language of the proviso is equally clear and means that the county superintendent is authorized to designate what school or schools in each school district shall be the separate school and which class of children shall have the privilege of attending the separate school or schools in such district. The apparent conflict in the proviso and the preceding language of the section disappears when the language of the proviso is given the effect intended by the Legislature, and to which it is entitled under the rules of statutory construction. It is well settled that a proviso, generally, restricts, qualifies, or limits some preceding matter, and it defeats the operation of the antecedent clause conditionally. Trimmer, County Treasurer of Garvin Co., v. State, 43 Okla. 152, 141 Pac. 784; Searcy et al. v. State ex rel., 64 Oklahoma, 167 Pac. 476.

In the case of Minis v. United States, 15 Pet. 445, 10 L. Ed. 799 the supreme court of the United States, in an opinion by Mr. Justice Story, said:

"The office of a proviso, generally, is either to except something from the enacting clause, or to qualify or restrain its generality, or to exclude some possible ground of misinterpretation of it as extending to cases not intended by the Legislature to be brought within its purview."

The purpose of a proviso is to take special cases out of general enactments and to provide especially for them. Ex parte Lusk

(Ala.) 2 So. 140; 32 Cyc. 743; People ex rel. Murphy v. Kelly, 5 Abb. N. Cas. (N. Y.) 383.

It is our opinion, then, that the section means that in the absence of a designation by the county superintendent of which school shall be the separate school of the district said section makes the separate school the one of the race having the fewest number of children in said school district—in other words, the separate school in each district is that school of the race having the fewest number of children in said school district, unless the county superintendent designates the other school.

For the reasons stated, the judgment of the trial court is affirmed.

McNEILL, JOHNSON, HIGGINS, and BAILEY, JJ., concur.