### STATE ex rel. GUMM et al. v. ALBRITTON et al.

No. 12393—Opinion Filed Nov. 20, 1923.

Rehearing Denied March 25, 1924.

1. **Schools and School Districts — Separate Schools — Designation.**

Under section 10569, Comp. St. 1921, the county superintendent of public instruction of a county is authorized to designate what schools in each school district shall be the separate school, and which class of children, either white or colored, shall have the privilege of attending such separate school or schools of said district.

2. **Constitutional Law—Equal Protection of the Law—Separate Schools—Equal Facilities.**

In the school district in question, the school for the white race, whose scholastic population was in the minority, had been maintained as the separate school, and a school for the colored race, whose scholastic population was in the majority, had been maintained as the district school. Under said statute, the county superintendent of public instruction designated the white school as the district school and the colored school as the separate school, and appointed members of the white race as of-

ficers of such district school board. Held, that such action of such superintendent did not violate the Fourteenth Amendment to the Constitution of the United States, prohibiting any state from denying to any person within its jurisdiction the equal protection of the laws, since it did not appear that, by such action of the county superintendent, the accommodations or facilities afforded to the colored children were unequal or otherwise than impartial as compared with those afforded to the white children.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Muskogee County; Guy F. Nelson, Judge.

Action by State of Oklahoma ex rel. P. E. Gumm, County Attorney. et al. against I. N. Albritton et al. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

R. P. de Graffenried and A. M. de Graffenried, for plaintiff in error.

Bonds & Brown, for defendants in error.

Opinion by ESTES, C. This action was instituted in the superior court of Muskogee county, Okla., by the state of Oklahoma ex rel. P. E. Gumm, county attorney of said county, for the use and benefit of school district No. 15 of said county. and T. H. Hunter, Scott McIntosh, and C. W. Reynolds, as members of and composing the school district board of said school district, against I. N. Albritton, J. D. Reynolds, and Ike Woods, defendants in error, to have said first named members adjudged the lawful members of said school district board in lieu of the defendants in error. Said first named members were colored, and defendants in error were white men. Said colored members were duly elected to said school district board. They qualified and acted as such until about December 27, 1920. On said date the county superintendent of public instruction of said county made an order removing said colored members and appointed said white members as such school district board. They qualified and acted as such thereafter. As a basis for the removal of said colored members and the appointment of said white members, said county superintendent ordered and designated the school which said colored members were serving as the separate school of said district No. 15, and the white school as the district school thereof. There is no controversy about these facts. It was alleged by plaintiff in error that, at the time of making of said order of designation and the removal of said colored members and appointment of said white

members by said superintendent, the majority of the scholastic population of said school district was of the colored race, and that the white children were in minority. Upon the trial, plaintiff offered to prove said last named facts. The objection of defendants in error to such offer was sustained. The cause was submitted to the court on the pleadings, the admissions, and the said offer. Judgment was for defendants in error, from which plaintiff has duly appealed.

The errors assigned are that the judgment of the court is contrary to and not supported by the law; that the court erred in refusing to permit plaintiff to make proof of said offer; that the said order of designation and the said removal of said colored members and said appointment of said white members were without power and authority in said superintendent so to do.

1. As stated in the brief of plaintiff in error, this case involves the construction of certain statutes of Oklahoma. Section 10569, Comp. Stat. 1921. is:

" 'Separate School'—Definition. The county separate school in each district is hereby declared to be that school in said school district of the race having the fewest number of children in said school district: provided that the county superintendent of public instruction of each county shall have authority to designate what school or schools in each school district shall be the separate school and which class of children, either white or colored, shall have the privilege of attending such separate school or schools in said school district. Members of the district school board shall be of the same race as the children who are entitled to attend the school of the district, not the separate school."

In Jumper et al. v. Lyles, County Superintendent, 77 Okla. 57, 185 Pac. 1084, said statute was fully analyzed and construed by this court. Thereby it is settled that the separate school in each district, except as to independent districts, is that school of the race having the fewest (fewer) number of children in said school district, unless the county superintendent designates the other school. However, plaintiff in error insists that the Jumper Case should be overruled because of the provisions of section 10577 of said statutes, supra. Said section provides, in substance, that the county superintendent shall ascertain the number of children of each color in each district in his county, except in independent districts, and in what district schoolhouses have not been located for both white and colored children and report same to the board of county commissioners, and what districts may desire to

establish separate schools. It is contended by plaintiff in error that said statute should be construed in connection with section 10569, supra, to require said county superintendent to use said enumeration of white and colored children as his basis for designating such separate school. Said section 10577 requires the county superintendent to make such report of enumeration to the board of county commissioners of his county. By reference to the next following section, it is apparent that such enumeration and report are provided for the sole purpose of enabling the county commissioners to provide for the future building of schoolhouses for such separate schools according to necessity and as provided otherwise by law. We see no reason in the contention made by plaintiff in error, or otherwise, for overruling the Jumper Case. Since said county superintendent had authoity to designate the colored school as the separate school of said district and it was admitted by both parties that he had done so, the trial court did not err in refusing to permit plaintiff in error to prove that the colored population of said school district was in the majority and that the whites were in the minority. Such evidence was immaterial.

2. It is contended by plaintiff in error that the said action of the county superintendent in the instant case violates the Fourteenth amendment to the Constitution of the United States, in that such action of said county superintendent in discharging said colored members and appointing defendants in error was a denial of the equal protection of the law to the colored children. However, no authorities are cited thereunto. It does not appear, nor did plaintiff in error offer to show, that by the action of said county superintendent in designating the colored school as the separate school, or by the change of the personnel of said board, the facilities or accommodations for the colored children of such district were not rendered impartial, as compared with those of the white children.

It is the public policy of this state, and the statutes so provide, that the public schools shall be organized and maintained upon a complete plan of separation between the white and colored races. The teachers of the so-called district schools are elected by the boards of such districts and are paid by the districts. The teachers of the so-called separate schools are appointed by the county superintendents and paid by the counties. The schoolhouses for the district and the separate schools are built and maintained in like manner—the one by taxation levied upon the district and the other by taxation levied upon the entire county. We cannot presume, in the instant case, that the colored school, designated by said superintendent, as the separate school—to be supported by the county—was not equal in facilities to the white school, designated as the district school to be supported by the district. The guaranty of equal protection of the laws, under said Fourteenth amendment, operates against any state action, whether by statute or otherwise, which denies to any person, on account of race or color, equal accommodations in public schools. This is well settled. 12 C. J. 1174. and cases therein cited. While a state may not deny to persons of different races equal accommodations in schools, it may deny them identical accommodations. Id.

It is unnecessary to cite authority to the proposition that a state may organize and maintain its public schools upon a plan of separation between the races, subject to the foregoing rules. The statute in question herein does not attempt to deprive colored persons of any rights. It recognizes their right to equal common school advantages. It only regulates the mode and manner in which such rights shall be enjoyed. The regulation of this right arises from the necessity of the case. The task of such regulation must, ex necessite, be left to the wisdom and discretion of some proper authority. The statute in question, as construed by this court in said Jumper Case, has committed to the discretion of the county superintendent, one matter of the plan of separation of the races for school purposes by empowering such officer to designate which school shall be the separate, and which the district, school. However arbitrary the action of such superintendent may seem it cannot be said that the equal protection clause of said Fourteenth amendment is violated, because it is not shown that accommodations or facilities equal, though not identical with those of white children, are afforded to the colored children.

The judgment of the trial court is not contrary to law, and is affirmed.

By the Court: It is so ordered.