**MOORE et al. v. PORTERFIELD et al.**

No. 16424—Opinion Filed Nov. 10, 1925.

(Syllabus.)

**1. Pleading—General Demurrer — Sufficiency of Petition.**

In considering a general demurrer, the allegation in the petition must be taken as true.

**2. Same—Error in Sustaining Demurrer.**

It is the duty of a court, in considering a general demurrer, to apply the law to the facts stated in the petition. If, upon applying the law to the facts so pleaded, the petition states a cause of action, it is reversible error for the court to sustain such demurrer.

**3. Injunction — Control of Official Acts— Gross Abuse of Discretion.**

Although, as a general rule, the discretionary powers of a public official will not be controlled by injunction, yet injunction may be issued in case of a gross abuse of such discretion or where it appears that such action is founded on fraud, corruption, improper motive, plain disregard of duty, gross abuse of power, or violation of the law.

**4. Schools and School Districts — Separate Schools — Injunction Against Change by County Superintendent — Insufficient Allegations.**

Allegations that the negroes were in majority in a school district and that the negro school had previously been designated as the district school and that the negro citizens of said district and property owners had voted bonds and erected a district schoolhouse, and that a tax is levied upon the negro population of said district to retire said bonds, are not sufficient to constitute a cause of action to enjoin the county superintendent from designating the "white" school as the district school and the "colored" school as the separate school.

**5. Same—Constitutional Provision as to Separate Schools.**

Under section 3, art. 13, of the Constitution of Oklahoma, separate schools for white and colored children with like accommodations shall be provided by the Legislature and impartially maintained.

Error from District Court, Seminole County; J. L. Skinner, Special Judge.

Action by E. R. Moore et al. for injunction against Luther V. Porterfield, et al. From a judgment sustaining the demurrer of defendants to petition of plantiffs and dismissing the plaintiffs' case, the plaintiffs bring error. Reversed and remanded.

Pryor, Stokes & Carver and Hugh Murphy, for plaintiffs in error.

Willmott, Roberts & Looney and Hill & Criswell, for defendants in error.

MASON, J. This action was instituted in the district court of Seminole county by E. R. Moore and E. V. Gross, for themselves and for the use and benefit of all other residents and citizens similarly situated of school district No. 5, Seminole county, Okla., as plaintiffs, against Luther V. Porterfield, W. G. Marriott, and V. C. Vanlandingham, defendants, for the purpose of enjoining the defendant Porterfield, as county superintendent of public instruction of Seminole county, from designating the present district school (the colored school) of district No. 5, Seminole county, as the separate school and designating the white school as the district school, and enjoining the appointment of the other defendants, who are members of the white race, as members of the school board of said district, and enjoining them from acting or attempting to act in said capacity.

The general demurrer of the defendants to the plaintiffs' petition was sustained by the trial court, and upon refusal of the plaintiffs to plead further, the case was dismissed, from which action the plaintiffs have appealed.

For convenience the parties will be referred to as they appeared in the lower court.

But one assignment of error is made by the plaintiffs, which is:

"The court erred in sustaining the demurrer of the defendants in error, and dismissing said cause."

Under this assignment of error the real question presented is, Did the petition state facts sufficient to constitute a cause of action and entitle the plaintiffs to the relief sought? If it did, the grounds of error assigned by the plaintiffs are well taken.

This court has repeatedly announced the following rule as stated in the case of Threadgill et al. v. Board of Education of City of Coalgate, 85 Okla. 121, 204 Pac. 1100:

"In considering a general demurrer, the allegations in the petition must be taken as true.

"It is the duty of a court, in considering a general demurrer, to apply the law to the facts stated in the petition. If, upon applying the law to the facts so pleaded, the petition states a cause of action, it is reversible error for the court to sustain such demurrer."

The petition discloses this state of facts:

"That the negro school is and has been the district school of said district from the advent of statehood, and the white school has been the separate school; that the plaintiffs constitute a majority of the school board of said district, having been elected at the regular annual election held for that purpose by the negroes of said district; that the scholastic census of said school district shows 232 negro and 16 white children of school age; that there are 103 negro and 7 white families who reside in said school district. The petition then alleges that the defendant Luther V. Porterfield notified said school board that if two of their number would resign so he might appoint a majority of said board, he would not interfere with said school district, but unless the same was done he intended to make an order declaring and designating the negro school as the separate school of said school district and the white school the district school.

"The plaintiffs further allege and state that they are informed and believe that unless restrained from so doing and enjoined from making said order and putting the same into effect that the said Luther V. Porterfield will attempt, and possibly has attempted, to appoint codefendants on what purports to be a school board for district No. 5 and designating the white school as the district school; the plaintiffs are informed that the white citizens of said school district do not desire to be designated as the majority school and that the defendants have not yet qualified or attempted to qualify as members of the school board of said district."

The petition then contains allegations which are immaterial as far as this appeal is concerned, after which is the following:

"Plaintiffs further allege and state that the said Luther V. Porterfield has been unable to secure a clerk in his attempt to change said school district, and the conduct of said Luther V. Porterfield, as county superintendent, is reprehensible and arbitrary, and is disrupting and demoralizing the school in said district, and if permitted to continue will work irreparable injury and harm to citizens and taxpayers of said school district and their children. * * *"

The petition then contains further allega-

tions which are immaterial as far as this appeal is concerned.

Were the alleged facts, if admitted, sufficient to support a judgment enjoining the defendant Porterfield, as county superintendent, from designating the colored school as the separate school? If so, the other defendants could not be legally appointed as members of the school board of said district nor could they qualify or act in said capacity, for the reason that section 10569, C. O. S. 1921, requires the members of the board to be of the same race as the district school.

Plaintiffs contend that the allegations in the petition that there were 232 negro children and only 16 white children of school age in said district were sufficient to entitle them to the relief prayed for. In support of this contention they cite section 10569, C. O. S. 1921, which provides:

"The county separate school in each district is hereby declared to be that school in said school district of the race having the fewest number of children in said school district; provided, that the county superintendent of public instruction of each county shall have authority to designate what school or schools in each school district shall be the separate school and which class of children, either white or colored, shall have the privilege of attending such separate school or schools in said school district. Members of the district school board shall be of the same race as the children who are entitled to attend the school of the district, not the separate school."

This section, however, was construed by this court in the case of Jumper et al. v. Lyles, County Superintendent, 77 Okla. 57, 185 Pac. 1084, wherein it was held that the separate school in each district should be the school of the race having the fewest number of children in said school district, unless the other school should be designated by the county superintendent. That is, it was within the discretion of the county superintendent as to which school should be the separate school and which the district school.

It is urged by the defendants that, this matter being within the discretion of the county superintendent, a court of equity will not interfere with or attempt to control such discretion by injunction.

As a general rule, where public officials are intrusted with discretionary power in certain matters, an exercise of such discretion will not be controlled by injunction, but injunction may be issued in a case of a gross abuse of discretion where it appears

that such action was exercised on grounds or for reasons clearly untenable, or to an extent clearly unreasonable. 32 C. J. 242.

The county superintendent, under section 10569, C. O. S. 1921, as construed by Jumper v. Lyles, supra, had the right and authority to designate which school should be the separate school. With the exercise of discretionary power courts rarely, and only for grave reasons, interfere. These grave reasons are found only where fraud, corruption, improper motives, or influences, plain disregard of duty, gross abuse of power, or violation of law enters into or characterizes the result. Differences in opinion or judgment is never a sufficient ground for interferences. 1 High, Inj., par. 785; Dill. Mun. Corp., parags. 94 and 832.

If the defendant Porterfield were attempting, in his official capacity, to designate the separate and the district school of said district, the district court could not enjoin such action, unless some of the grave reasons above enumerated existed to justify its interference. This question may involve many considerations which are not presented in this proceeding, but which no doubt will be presented if the case is remanded to the district court to be determined on its merits. The allegations of the plaintiffs' petition above set forth, and which for the purpose of this opinion are admitted by the defendants' demurrer, clearly indicate that the defendant Porterfield was grossly abusing his discretion, and that his alleged action was clearly untenable and unreasonable, and founded on improper motives and in plain disregard of his official duty. Under the rule above announced, it is apparent that the petition stated a cause of action against the defendants, and the trial court therefore erred in sustaining the demurrer of the defendants thereto and dismissing the case.

In view of our action in reversing the case, we deem it appropriate to express our view on all parts of the petition with some particularity.

We do not think any of these allegations to the effect that the colored people were in the majority in said district, and relying on the integrity of the county superintendent, voted bonds and erected a school building in said school district costing approximately $22,000, and that a tax is levied on the negro population of said district to retire said bonds of themselves constitute any legal ground of complaint. Such taxes are levied on the taxable property of all persons regardless of the color of the owner thereof.

Neither do we think the allegations "that it is impossible for said (colored) school to run or be operated as a separate school for a term of eight months in each year, for the reason that sufficient funds cannot be raised under the law to run, operate, and maintain said school as a separate school" afford any legal grounds of complaint.

The petition does not allege that said school has heretofore had an eight months term of school, nor does it allege that it is impossible to maintain said school as a separate school for a term of the same length as the district school.

Section 3, art. 13, of the Constitution of Oklahoma provides:

"Separate schools for white and colored children with like accommodations shall be provided by the Legislature and impartially maintained."

Applying the law to the other allegations contained in the petition of the plaintiffs, we must conclude that it states a cause of action for an injunction and that the trial court erred in sustaining the demurrer thereto.

The judgment of the district court of Seminole county is therefore reversed, and this cause is remanded, with instructions to overrule the demurrer of the defendants, and take such further proceedings as are not inconsistent with the views herein expressed.

NICHOLSON, C. J., BRANSON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 31 Cyc. p. 333. (2) 31 Cyc. p. 290. (3) 32 C. J. pp. 242, 243, § 384. (4) 35 Cyc. p. 819. (5) 35 Cyc. p. 819; anno. 14 L. R. A. 581; 24 R. C. L.p. 653 et seq.