**FURGASON et al. v. MITCHELL et al.**

No. 17812.    Opinion Filed Dec. 27, 1927.

(Syllabus.)

**Injunction—Highways—Repairs—Powers of Overseers.**

The proper officials are charged with the repair and maintenance of public highways, and, while acting in the scope of their authority, they are vested with a very broad discretion, with which courts will not interfere, by granting injunctive relief, except in cases of fraud, or where there is a manifest or gross injustice which would constitute an abuse of discretion.

Error from District Court, Alfalfa County; Charles Swindall, Judge.

Action by Anna E. Furgason et al. against Mary A. Mitchell et al. From judgment sustaining demurrer of defendants, and dismissing plaintiffs' petition, plaintiffs appeal. Affirmed.

Titus & Hill, for plaintiffs in error.

A. R. Carpenter, for defendants in error.

HEFNER, J. Anna E. Furgason and R. B. Furgason, as plaintiffs, brought suit in the district court of Alfalfa county against Mary A. Mitchell, Stella township, a municipal corporation, and subdivision of Alfalfa county, and others, as defendants. The parties will be referred to herein as they appeared in the trial court.

Plaintiffs contend that the defendants, as the officers of Stella township, graded and ditched a public highway along the east side of section 4, township 28 north, range 11 west, the effect of which was to divert the general course of the water, which, prior to such grading and ditching, ran in a south-westerly direction across the lands in question, and thereby caused said water to flow south along said roadway to their damage. They prayed for an order requiring the defendants to remove all obstructions from said waterways and to restore said waterways to their former natural state, and that in the future the defendants be restrained from doing any act that would have the effect of changing said waterways.

The action is not one in damages, but, in reality, it is one wherein an injunction is sought to prevent the defendants from grading and maintaining a highway.

The defendants contend that soon after the country was settled, and as early as 1896, the township officers constructed a highway along the east side of said section 4, and constructed ditches along the highway to keep the water off the road, and have graded the highway and kept it in passable condition during all this time; and all that has been done was done by the lawfully constituted officers of the township, and with only one purpose in mind, that of maintaining the highway, and without any thought or intention of doing any injury to the plaintiffs.

The issues were joined, and the plaintiffs introduced their testimony, at the close of which the defendants interposed a demurrer, which was sustained by the court, and the plaintiffs' petition dismissed. From this judgment, the plaintiffs have appealed to this court.

The evidence shows that this highway was constructed about the year 1896, and that it has been maintained, graded and ditched from time to time, and kept in a passable condition at all times since it was constructed. There is no evidence that the acts complained of were done fraudulently, maliciously, corruptly or without authority of the township.

The evidence clearly shows that the acts complained of were done by the regularly constituted officers of Stella township, and done in the maintenance of the highway. The real question, therefore, for determination in this case, is, Will an injunction issue to restrain the regularly constituted officers of a township from maintaining a highway that has already been constructed?

In the case of Shanks v. Pearson, 71 Pac. 252, in the first paragraph of the syllabus, the Supreme Court of Kansas said:

"Road overseers are primarily and specially charged with the repair of public highways, in which, while acting within the scope of their authority, they are vested with a very broad discretion, with which courts will not interfere except in cases of fraud, or where there is a manifest or gross

injustice which would constitute an abuse of discretion."

The Supreme Court of this state, speaking through Mr. Justice Mason, in the case of Moore v. Porterfield, 113 Okla. 234, 241 Pac. 346, in the third paragraph of the syllabus, said:

"Although, as a general rule, the discretionary powers of a public official will not be controlled by injunction, yet injunction may be issued in cases of gross abuse of such discretion, or where it appears that such action is founded on fraud, corruption, improper motive, plain disregard of duty, gross abuse of power, or violation of the law."

The public highways of this state should be maintained in a proper manner. In the maintenance of the same, the law charges the proper officials with the repairing and the upkeep of the highways, and while they must always act in good faith, they are vested with a very broad discretion. In such cases, the courts are not inclined to interfere except in a case of fraud, or where there is a manifest or gross injustice which would constitute an abuse of discretion.

We think the Kansas case, supra, announces the correct rule. Since there was no fraud nor abuse of discretion nor gross injustice shown by the evidence, the court committed no error in sustaining the demurrer thereto.

The judgment is, therefore, affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See 29 C. J. p. 584, § 309; pp. 586, 587, §312; p. 599, §332 (Anno); 32 C. J. p. 253, §398.