**WHITTINGTON et al. v. DYER, City Mgr., et al.**

No. 18759. Opinion Filed Jan. 10, 1928.

Rehearing Denied March 13, 1928.

(Syllabus.)

**Injunction—Designation of Route of State Highway Through City Left to Discretion of City Officials—Interference by Injunction.**

Where city officials are authorized to designate the route of a state highway through a city, as in the case at bar, they are vested with a broad discretion with which courts will not interfere by granting injunctive relief, except in cases of fraud, or where there is a manifest or gross injustice which would constitute an abuse of discretion.

Commissioners' Opinion, Division No. 1.

Error from District Court, Carter County; John B. Ogden, Judge.

Injunction filed by Willis Whittington

against the city officials, of Ardmore, the State Highway Commission, and the County Commissioners of Carter County. Judgment denying injunction and dissolving temporary restraining order, from which plaintiff appeals. Affirmed.

Brett & Brett and George Otey, for plaintiffs in error.

Russell B. Brown, City Atty., for defendants in error.

FOSTER, C. Willis Whittington brought suit in the district court of Carter county, on behalf of himself and others similarly situated, to enjoin Kirk Dyer, city manager, the city commissioners of Ardmore, and the county commissioners of Carter county, from designating Washington street, in said city, as a part of state highway No. 5, and also from paving a part of Washington street in conjunction with the State Highway Commission of Oklahoma. The parties appear as they appeared in the court below.

From the petition and evidence it appears that Washington and Caddo streets, in the city of Ardmore, run parallel one block apart and are both paved to within a short distance of the paving on state highway No. 5. There have been considerable negotiations between the county commissioners, the city officials, and the State Highway Department, to connect the paving within the city limits of Ardmore from either Caddo or Washington street with the paving on highway No. 5. The city commissioners had reached an agreement with the highway commission, the county commissioners, and the property owners abutting the unimproved part of Washington street so that Washington street would be paved, connecting the link between Washington street and highway No. 5, thereby designating Washington street through Ardmore as state highway No. 5.

It appears that part of the property owners on Caddo street had also petitioned for paving, but, for reasons which we do not deem material, no steps had been taken to pave said street. This cause was tried between the plaintiff and the city commissioners of Ardmore before the other defendant, the county commissioners, had made any appearance and before the time for their answer had expired. After hearing the testimony of plaintiff, the court sustained a demurrer, from which order the plaintiff brings the cause to this court.

The agreement for the paving of Washington street was that the county commissioners should furnish $1,500, the State Highway Commission about $4,000, and the adjoining property owners on the unimproved part of Caddo street—through the issuance of paving bonds—should pay the remaining part of the expense. The plaintiff, while a property taxpayer on Caddo street, was not a property owner on the unimproved part of Caddo or Washington streets, and the only interest which he had—different from the interest of any other citizen—was that the designation of Caddo street, instead of Washington, as the state highway, might increase his hotel business. It clearly appears, therefore, that he would have no right to object to the issuance of paving bonds on Washington street.

The testimony further shows that Washington street runs by a schoolhouse where many children attend school, and has a jog at main street, both of which would endanger the lives of citizens and be more inconvenient to the public than would the designation of Caddo street.

Under sections 13 and 14, of chapter 48, Session Laws of 1924, the Highway Commission of the state of Oklahoma has authority to enter into agreements with cities or towns to determine the location of improvements for public highways through said town, and it appears from the testimony in this case that the Highway Commission of Oklahoma had informed the city officials that whatever street they designated would be acceptable to said Highway Commission, thereby placing upon the city officials the responsibilty of designating the highway through Ardmore.

The only question presented by this appeal, as we view it, is as follows: Can the proper officials, charged with the responsibility of designating public highways through cities, and while acting within the scope of their authority, be enjoined in a suit brought by a taxpayer from designating a particular street under the facts herein presented?

We are of the opinion that the same principle involved in this case was very recently before this court in the case of Furgason v. Mitchell, in an opinion written by Justice Hefner, 128 Okla. 232, 262 Pac. 500.

In that case the question was before the court as to whether or not an injunction would lie against a township board from maintaining a public highway. A demurrer was interposed as in the case at bar, and the court, in the body of the opinion, uses the following language:

"Although, as a general rule, the discretionary powers of a public official will not be controlled by injunction, yet injunction may be issued in cases of gross abuse of such discretion, or where it appears that such action is founded on fraud, corruption, improper motive, plain disregard of duty, gross abuse* of power, or violation of the law.

"The public highways of this state should be maintained in a proper manner. In the maintenance of the same, the law charges the proper officials with the repairing and the upkeep of the highways, and while they must always act in good faith, they are vested with a very broad discretion. In such cases, the courts are not inclined to interfere except in a case of fraud, or where there is a manifest or gross injustice which would constitute an abuse of discretion."

It appears to us that, under the facts in the case at bar, it comes directly under the rule announced so recently by this court, as above set out. Surely, in the designation of a state highway and in the location of improvements through any city or town, the proper officials are vested with a very broad discretion. And in this case, no fraud, corruption, or improper motive being shown, and it clearly appearing that the commissioners did not abuse their discretion, it appears to us that the lower court was correct in sustaining the demurrer to the evidence.

For the reasons herein given, the judgment of the district court of Carter county is sustained.

BENNETT, TEEHEE, LEACH, and REID, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 29 C. J. p. 456, §128; 32 C. J. pp. 242, 243, §384.