**SCHOOL DIST. NO. 7, MUSKOGEE COUNTY, OKL., et al. v. HUNNICUTT, County Superintendent.**

No. 4178.

District Court, E. D. Oklahoma.

Jan. 15, 1931.

J. J. Bruce and J. Bernard Smith, both of Muskogee, Okl., for plaintiffs.

B. B. Wheeler and John H. Dill, both of Muskogee, Okl., and Thomas H. Owen, of Oklahoma City, Okl., for defendant.

Before COTTERAL, Circuit Judge, and WILLIAMS and VAUGHT, District Judges.

PER CURIAM.

This suit was brought by the school district No. 7, of Muskogee county, Okl., and the trustees of that district, to obtain a decree enjoining the county superintendent of that county from changing the district school of the colored race to a separate school of that race and maintaining the same, in the said school district.

The facts disclose that previously the colored school was the district school and the white school the separate school, and the defendant has sought to reverse them, pursuant to his alleged power, under section 10569, Comp. Okl. Stat. 1921, which provides as follows: "The county separate school in each district is hereby declared to be that school in said school district of the race having the fewest number of children in said school district; provided that the county superintendent of public instruction of each county shall have authority to designate what school or schools in each school district shall be the separate school and which class of children, either white or colored, shall have the privilege of attending such separate school or schools in said school district. Members of the district school board shall be of the same race as the children who are entitled to attend the school of the district, not the separate school."

This section has been construed by the Oklahoma Supreme Court to mean that the schools shall exist as defined in the first part of the sentence, unless the county superintendent shall designate them as provided in the second part of the sentence, as he is invested with the authority to effect the change of the schools. Jumper v. Lyles, 77 Okl. 57, 185 P. 1084; State ex rel. Gumm v. Albritton, 98 Okl. 158, 224 P. 511. It is not questioned that this

court is bound by that construction as to the meaning of the statute, but is free to judge of its validity under the Federal Constitution as thus construed. Truax v. Corrigan, 257 U. S. 312, 42 S. Ct. 124, 66 L. Ed. 254, 27 A. L. R. 375.

The statute is assailed on the ground it vests in the county superintendent an absolute and arbitrary power, without any legislative guide or basis for his action. Without reviewing the numerous cases cited, we refer to section 3, article 13, of the Oklahoma State Constitution, which provides for separate schools for white and colored school children, with like accommodations to be impartially maintained, and section 10567, C. O. S. 1921, which provides that separate schools shall be maintained with impartial facilities for both races. Thus, a guide was imposed in his action in the control of the schools, to which he was required to conform, and it was his duty if he sought to change them to secure the objects of the state Constitution and statute. Beyond this, we are of the opinion that section 10569 commits to him a permissible discretion in the administration of school affairs. 6 R. C. L. p. 179; 12 C. J. p. 844.

Another contention of the plaintiffs is that the action of the county superintendent should be enjoined because a discrimination is said to result from the disproportionate funds allowed for the colored school as compared with the white school, as the former could not then be maintained with equal facilities or advantages, on account of the needs of a greater number of pupils.

If we assume that there was the alleged disparity in the funds, it did not arise from the interchange of the schools, but from an insufficient levy by the county excise board, which is not a party to this suit. It is our opinion that the constitutional requirement of equal advantages or like accommodations to the schools does not mean that the colored race shall have the district school or vice versa. The question under the Federal Constitution (Amendment 14) is whether there is a denial of the equal protection of the laws, but it does not occur if equal advantages are granted. United States v. Buntin (C. C.) 10 F. 730, cited with approval in Gong Lum v. Rice, 275 U. S. 78, 48 S. Ct. 91, 72 L. Ed. 172. See Wong Him v. Callahan (C. C.) 119 F. 381.

A shortage of funds might exist for either school, due to an insufficient levy of taxes. But it works no denial of a constitutional right, because all the laws applicable should be considered, and among them there is the remedy to bring a mandamus action to compel an additional levy of taxes. Board of Education v. Excise Board, 86 Okl. 24, 206 P. 517. Even a suspension of a separate school, for economic reasons under some conditions, may be justified. Cumming v. County Board of Education, 175 U. S. 528, 20 S. Ct. 197, 44 L. Ed. 262; Gong Lum v. Rice, supra.

The plaintiffs did not pursue the remedy open to them, but chose to contest the statute and the enforcement of it and claim an infringement of their constitutional rights. But there was no invalidity of the statute or wrong committed by the defendant. They are not entitled to maintain this equity suit, because of an adequate and efficient remedy at law. Section 267, Jud. Code (28 USCA § 384).

The plaintiffs have no just ground to complain of the defendant's action. The facts evidence his good faith, and our conclusion is his action was within the scope of his lawful powers. The injunction sought is not warranted. The bill of the plaintiffs as amended will therefore be dismissed and the costs of the suit will be taxed to the plaintiffs.