MUSICK, County Supt., v. SCHOOL DIST. No. 41 et al.

*98 P. 2d 590.*

No. 28906.   Jan. 23, 1940.

Roy H. Mead, County Atty., of Kingfisher, for plaintiff in error.

Charles Swindall, of Oklahoma City, and Karl D. Cunningham, of Kingfisher, for defendants in error.

GIBSON, J. This action was commenced in the district court of Kingfisher county by the school board of common school district No. 41 against the county superintendent to enjoin excess application of certain alleged statutory powers in connection with separate schools (sec. 7035, O. S. 1931, 70 Okla. Stat. Ann. § 453) and the consolidation of districts (sec. 6915, O. S. 1931, 70 Okla. Stat. Ann. § 251).

The writ was granted, and the superintendent has appealed.

Since the creation of said district No. 41 the negroes have been the majority race therein, and the affairs of the district school have been under the management and control of a board composed of Negro members. Apparently no separate school for whites had ever been established.

On February 9, 1938, the defendant superintendent, acting pursuant to the provisions of section 7035, supra, promulgated an order wherein the colored people of said district were declared to be the minority race and the whites to be the majority race, directed the colored children to attend school, beginning with the next term, at a building designated as Booker T. Washington School, and authorized the white people to organize as a common district at the regular annual meeting.

Thereupon the white electors of district No. 41 petitioned the county superintendent seeking to annex said district to consolidate district No. 2 pursuant to section 6915, above.

The plaintiff board says the superintendent was without authority to make the order aforesaid or to proceed with the annexation in that the circumstances then existing were not such as would permit the action taken and attempted. Section 7035, supra, reads as follows:

"The county separate school in each school district is hereby declared to be that school in said school district of the race having the fewest number of children in said school district; provided, that the county superintendent of public instruction of each county shall have authority to designate what school or schools in each school district shall be the separate school and which class of children, either white or colored, shall have the privilege of attending such separate school or schools in said school district. Members of the district school board shall be of the same race as the

children who are entitled to attend the school of the district, not the separate school."

By stipulation of the parties and admissions in the briefs it is shown that the Booker T. Washington School is located within the territorial limits of district No. 41, but is used as a separate school for colored children residing in consolidated district No. 2, which is adjacent to said district No. 41 and operated by the white citizens. We are not advised why the colored children of white consolidated district No. 2 attend the separate school at Booker T. Washington located in common district No. 41. Booker T. Washington is referred to in the record and briefs as a consolidated school. This is not only a misnomer but a legal impossibility also. There is no such institution as a consolidated separate school, either for white or for colored children. Separate schools are maintained by taxation levied on the county at large (sec. 7040, O. S. 1931, amend. 1937, 70 Okla. Stat. Ann. § 458), and, except in independent districts, are under the exclusive management of the county superintendent (sec. 7048, O. S. 1931, 70 Okla. Stat. Ann. § 463). In such circumstances the dominant race in any district has no particular interest in the separate school of the district. The district neither owns the separate school building nor, as a district, does it support such school. When a separate school building is erected, it is the property of the county, and remains so until perhaps it is designated as a common school by the county superintendent under authority of section 7035, supra.

In the instant case Booker T. Washington was maintained by the county. It was located in common school district No. 41, and was under the exclusive supervision of the county superintendent. Why colored children from consolidated district No. 2 were attending school there is immaterial to this case.

Thus it is made to appear that an anomalous situation existed in district No. 41. Two schools were operated there; one a common school, the other a separate school, and both conducted for the benefit of the same race. This is not permitted under the statute. But the fact remains that a common school and a separate school existed in the district. This circumstance, together with sufficient pupil population, was sufficient to warrant the action of the superintendent as aforesaid under section 7035, supra, in designating which of the two races should be the majority race and which school they should each attend. The fact that no separate school for whites existed in the district is of no material consequence.

It has been suggested that Booker T. Washington schoolhouse was located in district No. 41 by mistake, whereas it was intended to be erected in consolidated district No. 2. But this circumstance, if true, can have no effect in the final determination of this case. The county alone owns the building. Therefore the present location thereof is of no material concern of other parties outside of district No. 41. As long as it is operated as a separate school, it is a county institution, and none, except perhaps the county, may question its location, and, so far as all others are concerned, must remain in the district of its erection until, through the process of statutory annexation of territory and consolidation of districts, it may be found in another district. The sale and disposition of such property are exclusively the duty of the county commissioners. Section 7051, O. S. 1931, 70 Okla. Stat. Ann. § 466.

The decision to the contrary in School Dist. No. 71 v. Overholser, 17 Okla. 147, 87 P. 665, has been superseded by the statute, and is no longer the law.

Where, as here, there are two schools in one district, the county superintendent may designate which shall be the common and which the separate school and, regardless of which race is in majority with respect to school children, may direct which class shall attend the respective schools. Jumper v. Lyles, Co. Supt., 77 Okla. 57, 185 P. 1084; State ex rel. Gumm v. Albritton, 98 Okla. 158,

224 P. 511; School Dist. No. 7, Muskogee Co., v. Hunnicutt, 51 Fed. 2d 528.

Referring now to the proposed annexation of common district No. 41 to consolidated district No. 2, we must hold that since the acts of the superintendent designating the white school as the common school have been confirmed as legal, the white electors are the only citizens legally competent to participate in the proceedings for annexation as provided by section 6915, O. S. 1931, 70 Okla. Stat. Ann. § 251. One race may not participate in an election for annexation or consolidation of districts controlled by the other race. Ratliff v. State, 79 Okla. 152, 191 P. 1038. That decision was predicated upon section 7899, R. L. 1910, which provided in part that "one race shall not participate in any election pertaining to the schools of the other race." It is true that this section was omitted from Oklahoma Statutes of 1931 as having been superseded by chapter 219, S. L. 1913. The latter chapter is an enactment of general school laws and repeals all former laws in conflict therewith. Section 7, article 3, thereof, now section 6787, O. S. 1931, 70 Okla. Stat. Ann. § 67, purports to fix the qualifications of voters at district meetings, but we see in this nothing in conflict with the above-quoted provision, and no indication of an intent to repeal the same. In fact, an attempted repeal of said section 7899, R. L. 1910, as quoted, would be inconsistent and contrary to the plain purposes and ends to be accomplished by the separate school laws. We have applied the statute in Ratliff v. State, above, long after the enactment of chapter 219, S. L. 1913. Evidently this court was of the opinion that the provision in said section 7899 had not been repealed, and we are still of that opinion.

The judgment of the trial court granting the injunction is not supported by the facts, and is contrary to the law thereto applicable, and must be reversed.

The judgment is reversed and the cause remanded, with direction to enter judgment for defendant.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, CORN, DAVISON, and DANNER, JJ., concur. HURST, J., dissents.

HURST, J. (dissenting). I cannot agree with the majority opinion that because it was stipulated that "Booker T. Washington School *house*" is located within the boundaries of the common school district it is another "school" in that district within the meaning of section 7035, O. S. 1931, 70 Okla. St. Ann. § 453. It has always been used exclusively by the colored children of the adjoining consolidated district and has in fact been maintained as the separate school of that district. The location of the building is not the decisive test. The statute contemplates two schools in one district in the real sense and means two schools in bona fide operation for the use and benefit of the children of that district. If the statements in the briefs are to be taken as admissions, Booker T. Washington school is the separate school of the adjoining consolidated district, even though the schoolhouse was by mistake located across the boundary line in the common school district. Such being the case, the order designates the separate school of the adjoining consolidated district as the separate school of the common school district. The statute does not, in my opinion, authorize such an order. I am of the opinion the judgment should be affirmed.